09-1022-ag
Yang v. Holder

BIA
A071 958 849

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of October, two thousand ten.

PRESENT:
> ROGER J. MINER,
> JOSÉ A. CABRANES,
> DENNY CHIN,
> > *Circuit Judges.*

_____

KAI WANG YANG,
> *Petitioner,*

v.                                                     09-1022-ag

                                                       NAC

UNITED STATES DEPARTMENT OF JUSTICE,
ATTORNEY GENERAL ERIC H. HOLDER, JR.,
> *Respondents.*

_____


FOR PETITIONER:          Yee Ling Poon, Robert Duk-Hwan Kim,
                         New York, New York.

FOR RESPONDENTS:         Tony West, Assistant Attorney
                         General; Mary Jane Candaux,
                         Assistant Director; Robbin K. Blaya,

**Attorney, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington, D.C.**

UPON DUE CONSIDERATION of this petition for review of a decision of the Board of Immigration Appeals ("BIA"), it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Kai Wang Yang, a native and citizen of the People's Republic of China, seeks review of a February 12, 2009 order of the BIA denying his motion to reopen his removal proceedings. *In re Kai Wang Yang*, No. A071 958 849 (B.I.A. Feb. 12, 2009). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See Ali v. Gonzales*, 448 F.3d 515, 517 (2d Cir. 2006). An alien who has been ordered removed may file one motion to reopen but must do so within 90 days of the final administrative decision. 8 U.S.C. § 1229a(c)(7)(A). The 90-day filing deadline may be excused if the alien can establish "changed country conditions arising in the country of nationality." 8 U.S.C. § 1229a(c)(7)(C)(ii); 8 C.F.R. § 1003.2(c)(3)(ii). Here,

2

the BIA properly denied Yang's motion to reopen as untimely and number-barred because he filed it over four years after his July 2004 final order of removal and because he had filed prior motions to reopen. *See* 8 C.F.R. § 1003.2(c)(2).

Yang challenges the BIA's denial of his motion to reopen only with regard to his pro-democracy activities in the United States. The BIA reasonably found that Yang's pro-democracy activities in the United States constituted a change in personal circumstances, not a change in country conditions. *See Yuen Jin v. Mukasey*, 538 F.3d 143, 155 (2d Cir. 2008) (holding that the existing legal system does not permit aliens who have been ordered removed "to disregard [those] orders and remain in the United States long enough to change their personal circumstances (e.g., by having children or practicing a persecuted religion) and initiate new proceedings via a new asylum application"); *Wei Guang Wang v. BIA*, 437 F.3d 270, 274 (2d Cir. 2006) (noting that "apparent gaming of the system in an effort to avoid [removal] is not tolerated by the existing regulatory scheme"). In addition, as the BIA found, although Yang claims that he has a well-founded fear of persecution because several political dissidents, to whom he provided

3

financial support, were recently arrested, he failed to point to any evidence demonstrating that these arrests were a result of increased persecution of political dissidents in China. *See Matter of S-Y-G-*, 24 I. & N. Dec 247, 253 (B.I.A. 2007) (finding that "[i]n determining whether evidence accompanying a motion to reopen demonstrates a material change in country conditions that would justify reopening, we compare the evidence of country conditions submitted with the motion to those that existed at the time of the merits hearing below"). Thus, substantial evidence supports the BIA's conclusion that Yang failed to establish changed country conditions in China. *See* 8 C.F.R. § 1003.2(c)(2); (c)(3)(ii); *see also Jian Hui Shao v. Mukasey*, 546 F.3d 138, 169 (2d Cir. 2008).

Furthermore, contrary to Yang's position, a reasonable fact-finder would not be compelled to conclude that the BIA ignored any material evidence. *See Wei Guang Wang*, 437 F.3d at 275; *see also Xiao Ji Chen v. U.S. Dep't of Justice*, 471 F.3d 315, 337 n.17 (2d Cir. 2006). Here, given the BIA's explicit references to the documentation submitted with the motion to reopen, the record demonstrates that the BIA both considered Yang's evidence and made reasonable findings

4

based on the record.  *See id.*  Accordingly, because Yang failed to show changed country conditions, the BIA did not abuse its discretion in denying his motion to reopen.  *See* 8 U.S.C. § 1229a(c)(7)(C)(ii).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5